UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Arron Scott King, Sr.,                                                Civ. No. 24-2289 (PAM/TNL)

                  Plaintiff,

v.                                                                     **MEMORANDUM AND ORDER**

All Ramsey County Jail Nurses
and Medical Staff,

                  Defendants.
_____

Plaintiff Arron Scott King, Sr., is a prisoner of the Washington County Jail.  In this action, King alleges that unnamed nurses and medical staff at the Ramsey County Jail were deliberately indifferent to his medical needs while he was detained at that facility in November 2021.  Because King is a prisoner, his Complaint is subject to preservice review under 28 U.S.C. § 1915A, which provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).

In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true all of the factual allegations in the complaint and draw all

reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . .." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the Court may disregard legal conclusions that are couched as factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

King alleges that he was admitted to the Ramsey County Jail "unstable off [his] mental health medications" but that, despite signing release forms for medical staff "to get [his] medications," he did not receive that medication for the duration of his three-week detention. (Compl. (Docket No. 1) at 5.) According to King, this cessation in medication resulted in negative effects that continue to this day. (See id.) King seeks $5 million in monetary damages from "All Ramsey County Jail Nurses and Medical Staff," with no specific individual named anywhere in the Complaint. (Id. at 1.)

A litigant may seek relief for constitutional violations by state, county, and municipal officials acting under color of state law through claims brought pursuant to 42 U.S.C. § 1983. To succeed on a claim under § 1983 for monetary damages, however "a litigant must prove that the specific defendant being sued acted unlawfully himself or herself." See Washington v. Craane, Civ. No. 18-1464, 2019 WL 2147062, at *2 (D. Minn. Apr. 18, 2019) (Leung, M.J.) (citing Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir.

1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.")). King's Complaint plainly does not include factual allegations tying any wrongdoing to any specific person or persons. Instead, King has attempted to indiscriminately due every single nurse and member of the medical staff at Ramsey County Jail. Even if these individuals could be identified by the Court, no specific member of the medical staff would have any way of knowing from the Complaint why, specifically, he or she is being sued by King.

Nor can King's Complaint fruitfully be interpreted as suing a governmental entity rather than only unnamed medical professionals. The Ramsey County Jail cannot be sued at all—county jails are not legal entities amenable to suit. See De La Garza v. Kandiyohi County Jail, Correctional institution, 18 F. App'x 436, 437 (8th Cir. 2001). Ramsey County, by contrast, may be sued under § 1983, but it may not be held liable under that provision solely on the basis that persons it employs have violated a litigant's constitutional rights. See Rogers v. King, 885 F.3d 1118, 1122-23 (8th Cir. 2018) (noting that "neither municipalities nor government officials may be held liable for unconstitutional conduct under a theory of respondeat superior"). Instead, for liability to attach to Ramsey County, King would need to establish that Ramsey County itself violated his constitutional rights, whether through an official policy, an established though unofficial custom, or a deliberately indifferent failure by the entity to train or supervise. See, e.g., Jackson v. Stair, 944 F.3d 704, 709 (8th Cir. 2019). But King has not alleged any such wrongdoing on the part of Ramsey County in the complaint; he does not claim, for example, that Ramsey County maintains a policy of withholding mental-health medication from prisoners.

King has failed to state a claim on which relief may be granted under § 1983 as to any specific identifiable defendant. Accordingly, this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b). As a prisoner, King remains responsible for the $350.00 statutory filing fee in this matter, which must be paid in installments over time from King's facility trust account. See 28 U.S.C. § 1915(b).

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED that**:

1. This matter is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b);

2. King's application to proceed in forma pauperis (Docket No. 3) is **GRANTED**;

3. King must pay the unpaid balance ($350.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2); and

4. The Clerk of Court shall provide notice of this requirement to the authorities at the institution where King is confined.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 16, 2024                    *s/ Paul A. Magnuson*
                                        Paul A. Magnuson
                                        United States District Court Judge